# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NICHOLAS HEARRING, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ILLINOIS DEPARTMENT OF ) <br> CORRECTIONS, et al., ) <br> ) <br> ) <br> Defendants. ) | No. 12 C 9907 <br> Hon. Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Nicholas Hearring ("Plaintiff") filed this 42 U.S.C. § 1983 action against the Illinois Department of Corrections ("IDOC"), Zach Roeckeman, the warden of Big Muddy Correctional Center ("Big Muddy"), and a John Doe Corrections Officer. Plaintiff alleges that, on December 12, 2011, while a prisoner at Big Muddy, Officer Doe permitted other inmates to commit assault and battery upon Plaintiff. He further alleges that Roeckeman and IDOC failed to restrain Officer Doe from permitting the assault and battery. Defendants move to dismiss for lack of venue or, in the alternative, to transfer the case to the Southern District of Illinois. (Dkt. No. 21.) For the following reasons, we deny the motion to dismiss and grant the motion to transfer.

## BACKGROUND

Plaintiff is a former inmate of Big Muddy, a correctional center operated by IDOC. (Compl. ¶ 6.) At the time of the alleged assault and battery, Roeckeman was the warden of Big Muddy and John Doe was a corrections officer at Big Muddy. (*Id.* ¶ 5.) Both were employed by

IDOC. (*Id.* ¶ 7.) On December 12, 2011, between 4:30 and 5:00 a.m., Officer Doe allegedly unlocked Plaintiff's cell door, escorted a group of prisoners to Plaintiff's cell, and permitted and/or participated in the beating and stabbing of Plaintiff. (*Id.* ¶ 10.) Because of the beating and stabbing, Plaintiff incurred medical costs and allegedly continues to suffer physical and emotional pain stemming from the incident. (*Id.* ¶ 18.) Plaintiff is no longer in IDOC custody and resides in Chicago, Illinois. (*Id.* ¶ 3.)

## STANDARD OF REVIEW

Under Rule 12(b)(3), a party may move to dismiss based on improper venue. Fed. R. Civ. P. 12(b)(3). Plaintiff has the burden of establishing that venue is proper. *Hanyuan Dong v. Garcia*, 553 F. Supp. 2d 962, 964 (N.D. Ill. 2008); *Rotec Indus., Inc. v. Aecon Grp., Inc.*, 436 F. Supp. 2d 931, 933 (N.D. Ill. 2006); *Interlease Aviation Investors II (Aloha) LLC v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 913 (N.D. Ill. 2003). In ruling on a motion to dismiss for improper venue, we may examine facts outside the complaint, while taking all of the allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *Hanyuan Dong*, 553 F. Supp. 2d at 964; *Interlease Aviation Investors*, 262 F. Supp. 2d at 913.

## ANALYSIS

### A.     Whether Venue Is Proper in the Northern District of Illinois

Defendants contend that this action has no connection to the Northern District of Illinois. (Mot. ¶ 4.) We thus first consider whether venue is proper here. Venue is proper for a civil action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the courts' personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The plaintiff's burden in establishing venue "is met by making a *prima facie* showing that venue is proper." *Bombshell Accessories, Inc. v. L.A. Silver, Inc.*, No. 10 C 8042, 2011 WL 3610088, at *2 (N.D. Ill. Aug. 16, 2011) (citing *Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159, 2000 WL 1909678, at *3 (7th Cir. 2000) (unpublished table decision)).

In his complaint, Plaintiff contends that "Venue is Proper in [the Northern District of Illinois] pursuant to 28 U.S.C. §1391(b)." (Comp1. ¶ 1.) Defendants argue that venue is improper in the Northern District because Plaintiff "fails to allege that any of the Defendants reside in the Northern District" and fails to address the propriety of venue in his response. (Reply ¶¶ 2–3.) Although we can reasonably infer that IDOC is a resident of the Northern District, Plaintiff fails to allege or provide any factual support suggesting that Roeckeman or the Corrections Officer are Northern District (or Illinois) residents.[1] Indeed, nothing in the record suggests that Roeckeman and the Corrections Officer are Northern District residents. As such, Plaintiff has not met his burden of showing that venue is proper under § 1391(b)(1). *See Sanderson*, 2000 WL 1909678, at *3 ("By failing to allege adequately that Spectrum has transacted any business in the Northern District of Indiana, Mr. Sanderson failed to make a prima facie case that venue was proper."); *McCarthy v. Johannesson*, No. 11 C 7423, 2012 WL 2116171, at *2 (N.D. Ill. June 11, 2012) (concluding that plaintiff failed to make a prima facie case for the properness of venue in stating, without any legal or factual support, that breach of contract occurred in Illinois).

Because venue is not proper under § 1391(b)(1), we now evaluate whether venue is proper under the other two provisions of § 1391(b). Plaintiff cannot rely on 1391(b)(2), however, because he concedes that "all of the events occurred in [the Southern District of

---

[1] We presume that, as a defendant subject to the personal jurisdiction of the Northern District of Illinois, IDOC is a resident of the Northern District of Illinois. 28 U.S.C. § 1391(c)(2).

Illinois]." (Resp. ¶ 8.) Although Plaintiff argues that the Northern District is a more convenient forum for him, he does not contend that venue is improper in the Southern District. Because venue is proper in the Southern District, which the parties do not dispute, Plaintiff cannot proceed under § 1391(b)(3).

In sum, we conclude that Plaintiff has failed to establish that venue is proper in the Northern District of Illinois.

### B. Whether This Case Should be Dismissed or Transferred to A Proper Venue

Because Plaintiff failed to establish that this forum is proper, we turn to consider whether this case should be dismissed or transferred to a proper venue. Under such circumstances, we can either "dismiss, or if it be in the interest of justice, transfer [this] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In assessing whether it is in the "interest of justice" to transfer a case, we look to whether the plaintiff would be prejudiced by "justice-defeating technicalities" or procedural obstacles that would "impede an expeditious and orderly adjudication on [the] merits." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67, 82 S. Ct. 913, 916 (1962); s*ee also id.* at 466 ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue."); *Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430, 85 S. Ct. 1050, 1055 (1965) (discussing the purpose underlying § 1406 and commenting that "federal and state jurisdictions have recognized the unfairness of barring a plaintiff's action solely because a prior timely action is dismissed for improper venue after the applicable statute of limitations has run").

Here, we recognize that Plaintiff may face such an obstacle—the statute of limitations— if we dismiss this action. For § 1983 claims, as brought here, federal courts borrow the state statute of limitations applicable to personal injury actions. *See Wallace v. Kato*, 549 U.S. 384,

387, 127 S. Ct. 1091, 1094–95 (2007); *Wilson v. Garcia,* 471 U.S. 261, 279–80, 105 S. Ct. 1938, 1948–49 (1985); *Ray v. Maher*, 662 F.3d 770, 772 (7th Cir. 2011). In Illinois, this limitations period is two years. *Wallace*, 549 U.S. at 387, 127 S. Ct. at 1095; *Ray*, 662 F.3d at 773; *Bailey v. Faulkner*, 765 F.2d 102, 103 (7th Cir. 1985); 735 ILCS 5/13-202. Plaintiff alleges that the attack occurred on December 12, 2011, more than two years ago. Accordingly, if we dismiss the case for lack of venue, Plaintiff may encounter significant procedural obstacles in refiling in another jurisdiction. For this reason, we deny Plaintiff's motion to dismiss.

## CONCLUSION

For the reasons stated above, Defendants' motion is denied as to dismissal but is granted in the alternative. This case is hereby transferred to the United States District Court for the Southern District of Illinois (Benton Division). It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: July 23, 2014